UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-1808 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| SOMETHINGAWFUL.COM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After screening pro se plaintiff Matthew Crawford's complaint under 28 U.S.C. § 1915(e)(2), the Court dismisses this lawsuit for lack of subject matter jurisdiction. Mr. Crawford's application to proceed in forma pauperis is denied as moot [3]. Civil case terminated.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond pro se plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)). Equally important, "[f]ederal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021).

## DISCUSSION

Construing Mr. Crawford's pro se complaint liberally, *see Eagan v. Dempsey*, 987 F.3d 667, 689 (7th Cir. 2021), he alleges that the comedy website SomethingAwful.com violated his First Amendment rights on March 15, 2022. Mr. Crawford bases his constitutional claim on the website's lack of customer service, that different users stated they do not like him, that it is difficult to find his

post history and his user ID, his speech has been suppressed because he used the word "retard," the website disallows posts containing nudity, among other similar grievances. He also takes issue with the website's interface, page and font restrictions, the costs of advertising on the website, and other restrictions.

Viewing his allegations generously, Mr. Crawford cannot bring his First Amendment claim against the website because it is not a state actor, but rather a private entity. To clarify, to bring a constitutional claim against a defendant, that defendant must have acted under the color of state law, which usually means that the defendant is a government entity or official. *See Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 831 (7th Cir. 2019); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). In short, constitutional claims cannot be based on private conduct. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). Because SomethingAwful.com is a private website without the authority of state law, Mr. Crawford cannot bring his First Amendment claim against it. *See Murawski v. Pataki*, 514 F.Supp.2d 577, 588 (S.D.N.Y. 2007). The Court dismisses this case without prejudice because the Court does not have subject matter jurisdiction over Mr. Crawford's claim.

Last, the Court notes that Mr. Crawford has filed at least thirteen pro se lawsuits in the last six weeks, many of which have been dismissed after an initial screening under 28 U.S.C. § 1915(e)(2). IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 4/12/2022